**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

L. GENISE JOSEPH,
               Appellant,

      v.

UNITED STATES POSTAL SERVICE,
               Agency.

DOCKET NUMBER
PH-0752-21-0216-I-1

DATE: September 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hartley D. Alley, Esquire, San Antonio, Texas, for the appellant.

Krista M. Irons, Esquire, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review, and the appellant has filed a cross petition for review of the initial decision, which reversed the appellant's removal on due process grounds. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review. Except as expressly MODIFIED to VACATE the administrative judge's findings regarding the agency's use of audio recordings in its removal proceedings, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was employed as a Postmaster, EAS-18, with the agency in Port Reading, New Jersey. Initial Appeal File (IAF), Tab 6 at 4. Following an incident in which the appellant allegedly engaged in a physical and verbal outburst wherein she threatened other employees and caused physical damage to her office space, the agency removed her from Federal service on April 23, 2021, based on the charge of unacceptable conduct (two specifications). *Id*. at 7-10, 12-16. Thereafter, the appellant filed an appeal with the Board, challenging the removal and raising several affirmative defenses. IAF, Tabs 1, 19, 24. Specifically, she argued that the agency violated her due process rights when the deciding official considered her to be guilty of violating an agency policy regarding workplace violence with which she was not charged and committed harmful error by failing to conduct a pre-disciplinary interview with her. IAF,

Tab 1 at 6, Tab 24 at 7-14. She also argued that the agency improperly relied on audio recordings of the incident made by her subordinates because such recordings are in violation of New Jersey law. IAF, Tab 24 at 15-16. Additionally, during the adjudication of the appeal, the appellant discovered that the proposing official had provided the deciding official with an Action Request Form without also providing it to the appellant prior to the deciding official's issuance of the decision notice. *Id*. at 5-6, 12. Thus, the appellant argued that the agency also violated her due process rights by engaging in ex parte communications. *Id*.

¶3 After the appellant withdrew her request for a hearing, IAF, Tab 21, the administrative judge issued an initial decision on the written record. IAF, Tab 51, Initial Decision (ID). Regarding the appellant's claim that the deciding official inappropriately considered her guilty of violating a policy with which she was not charged, the administrative judge found this argument without merit because the decision notice did not include a finding that the appellant violated a policy, and the deciding official stated under the penalty of perjury that he did not rely on the policy in making his decision. ID at 5. The administrative judge also found that the appellant failed to prove that the agency committed harmful error by not conducting a pre-disciplinary interview. ID at 8-9. Additionally, the administrative judge found that, although the audio recordings of the incident appeared to be in violation of New Jersey law, there was no evidence that the agency officials involved in the removal action caused or encouraged the secret taping. ID at 10. Regarding the appellant's due process claim concerning the ex parte communication, however, the administrative judge found that the agency violated the appellant's due process rights, and, accordingly, she reversed the removal action. ID at 7-8, 11.

¶4 The agency has filed a petition for review of the initial decision arguing that the administrative judge erred in finding that it engaged in improper ex parte communications resulting in a due process violation. Petition for Review (PFR)

File, Tab 1 at 12-26. Specifically, the agency argues that the evidence establishes that the deciding official did not recall seeing the Action Request Form and did not consider it, and, in any event, the information contained therein was cumulative of other information properly provided to the appellant. *Id*. at 14, 16, 18-22. The appellant has filed a response to the agency's petition for review, to which the agency has replied. PFR File, Tabs 3-4. The appellant has also filed a cross petition for review arguing that the administrative judge erred in her findings regarding the agency's reliance on the improper audio recording of the underlying incident. PFR File, Tab 5. The agency has responded to the appellant's cross petition for review.[2] PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We discern no reason to disturb the administrative judge's finding that the agency violated the appellant's due process rights, and we deny the agency's petition for review.</u>

¶5    As briefly set forth above, the appellant argued below that the proposing official provided the deciding official with an Action Request Form—a form apparently used by the agency's human resources department to initiate disciplinary proceedings—prior to the issuance of the removal notice, but that the form was not similarly provided to the appellant prior to her removal. IAF, Tab 24 at 5-6. In the form, the proposing official explained that the appellant "has shown prior angry outbursts in the presence of her employees as noted by their statements," and that the appellant "should not be allowed back in the workforce as she is a danger to [her]self or others and has exhibited workplace violence placing her employees in a volatile and dangerous environment for

---

[2] Neither party has challenged the administrative judge's findings that the deciding official did not conclude that the appellant violated a workplace policy with which she was not charged and that the appellant failed to prove that the agency committed harmful error by not conducting a pre-disciplinary interview of the appellant. PFR File, Tabs 1, 5. We have reviewed the record, and we discern no reason to disturb the administrative judge's findings.

which there is zero tolerance." IAF, Tab 24 at 31-34. The appellant argued below that this information was newly introduced via an ex parte communication and that she was not given an opportunity to respond to it. IAF, Tab 47 at 8-10.

¶6    It is well settled that an employee's due process right to notice extends to ex parte information provided to a deciding official if the information not previously disclosed to the appellant introduces new and material information.[3] *See Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999); *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 23. In deciding whether new and material information has been introduced by means of ex parte communications, the Board should consider the facts and circumstances of each particular case. *Stone*, 179 F.3d at 1377. Among the factors that will be useful for the Board to weigh are: (1) whether the ex parte communication merely introduces cumulative information or new information; (2) whether the employee knew of the error and had a chance to respond to it; and (3) whether the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Id.*; *Singh*, 2022 MSPB 15, ¶ 24.

¶7    In the initial decision, the administrative judge considered the deciding official's statements that he did not "recall" the Action Request Form and that he did not consider it in making his decision to sustain the charge or uphold the proposed penalty of removal. ID at 6-7; IAF, Tab 34 at 10-11. Nonetheless, she found that such statements did not conflict with record evidence establishing that the deciding official received the form. ID at 7. She further found that the

---

[3] The U.S. Court of Appeals for the Federal Circuit's reasoning rests on the decision of the U.S. Supreme Court in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538-39, 546-48 (1985), which held that a tenured public employee has a constitutionally protected property interest in ongoing public employment and that an agency may not deprive such an employee of his property interest without providing him with due process of law, including the right to advance notice of the charges against him, an explanation of the agency's evidence, and an opportunity to respond.

form's suggestion that the appellant is "a repeat, violent offender was a significant departure from the rest of the evidence relied upon." ID at 7-8. After also finding that the Action Request Form was of a type that affected the deciding official's decision to remove the appellant and that the deciding official's "conclusion that the appellant was dangerous" was based on the form, the administrative judge concluded that the ex parte communication deprived the appellant of due process. *Id*.

¶8     On review, the agency does not dispute that the deciding official received the Action Request Form and that it pertains to the alleged misconduct. PFR File, Tab 1 at 12. However, as briefly explained above, the agency challenges the administrative judge's finding that the Action Request Form was not cumulative, and that the deciding official considered the form. *Id*. at 14, 16, 18-22.

¶9     Regarding the question of whether the Action Request Form contains information that is merely cumulative, the agency argues that statements from the appellant's subordinates who witnessed the appellant's alleged misconduct were also provided to the deciding official and similarly suggest that the appellant's general workplace behavior created an ongoing hostile work environment.[4] Although the agency is correct that the subordinates' statements regarding the appellant's workplace conduct show that the appellant was difficult to work with, the comments contained in those statements do not rise to the level of the information contained in the Action Request Form suggesting that she was an ongoing, violent threat. IAF, Tab 6 at 25-28. Specifically, one of the coworker's statements explains that the appellant's "attitude is completely unpredictable" at any moment due to her "mood changes," and that it makes for a "very [awkward] and hostile environment to work in." *Id*. at 28. The second coworker explains that the incident in question "isn't the first time I've seen or heard [the appellant]

[4] There is no dispute that these statements were also provided to the appellant prior to her removal.

upset," and that the work environment gives her "anxiety and stress." *Id*. at 26. In contrast, as set forth above, the Action Request Form suggests that that the appellant has a pattern of engaging in workplace violence and is generally a danger to herself and others. IAF, Tab 24 at 31-34. In other words, the general tone of the appellant's subordinates' statements suggests that the appellant was difficult to work with because of an unpredictable attitude or mood, whereas the Action Request Form suggests that she is difficult to work with because she is regularly violent and poses a violent threat to those in the workplace with her. Although both can reasonably be considered difficult environments in which to work, they are, nonetheless, different in nature and in degree. Accordingly, we discern no error in the administrative judge's finding that the Action Request Form represented a "significant departure" from other evidence in the record, and thus, that the form contained new and material information. *See Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 11 (2015), (explaining that information may be considered new and material if it constitutes a significant departure from evidence already in the record). The agency's arguments on review to the contrary do not persuade us otherwise.

¶10    As noted, the agency also argues on review that there is no evidence that the deciding official considered the Action Request Form in deciding to sustain the charge and uphold the penalty of removal and that the administrative judge erred in finding otherwise. PFR File, Tab 1 at 16, 18-22. The agency again points to the deciding official's declaration, wherein he stated that he did "not recall" the form, and that he "did not consider it in making [his] decision" to remove the appellant. IAF, Tab 34 at 10-11. Like the administrative judge, we acknowledge the deciding official's statements. However, the record also contains statements from the deciding official that he considered all the information that was sent to him prior to making his decision. IAF, Tab 27 at 25. Additionally, he stated in the decision notice that he "based [his] decision solely on the evidence of record to which [he has] given full consideration." IAF, Tab 6 at 7. Thus, the record

contains conflicting statements from the deciding official on this material point. Given that the agency does not dispute that the deciding official received the form and the deciding official's own statement that he considered all the record evidence and information provided to him, we find his assertion that he did not consider the form to be internally inconsistent with other prior statements included in the record and otherwise implausible. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987); *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981). As such, the agency's arguments on review do not provide a basis to disturb the initial decision.

¶11 Based on the foregoing, we agree with the administrative judge's conclusion that the Action Request Form introduced new and material information regarding the appellant's workplace behavior that was not merely cumulative, that the appellant did not have a chance to respond to the information contained in the form, and that the information was of the type likely to result in undue pressure upon the deciding official. *See Stone*, 179 F.3d at 1377; *Singh*, 2022 MSPB 15, ¶ 24. As such, we agree with the administrative judge that the agency violated the appellant's due process rights, and that such a finding requires reversal of the appellant's removal. ID at 6-8. The appellant is entitled to a new constitutionally correct removal procedure. *See Amar v. Department of the Treasury*, 89 M.S.P.R. 505, ¶¶ 11-25 (2001). The agency's petition for review is denied.

We decline to consider the appellant's arguments regarding the agency's use of the audio recordings, vacate the administrative judge's findings in that regard, and deny the appellant's cross petition for review.

¶12 As briefly set forth above, the appellant has filed a cross petition for review challenging the administrative judge's findings regarding the agency's use of the audio recordings of the alleged incident that gave rise to the appellant's removal. PFR File, Tab 5 at 5-14. By way of brief background, it appears that at least one of the appellant's subordinates recorded audio of the appellant's conduct during

the incident that formed the basis of the appellant's removal.  IAF, Tab 29 at 17, 38.  The appellant asserted below that the recordings violate New Jersey law. IAF, Tab 24 at 15-16.  Additionally, it is undisputed that the agency relied, in part, on these recordings when it proposed her removal.  IAF, Tab 37 at 5, 10.  As briefly set forth above, in the initial decision, the administrative judge concluded that it was "clear that the employees' violated New Jersey law" in making the recordings, and that the recordings "constituted misconduct by those employees." ID at 10.  However, the administrative judge observed that the appellant failed to proffer arguments that the agency's use of the recordings under the circumstances similarly violated the law.  *Id*.  Ultimately, the administrative judge found that there was no evidence that the agency "caused or encouraged the secret taping." *Id*.  As such, she rejected the appellant's affirmative defense.  On review, the appellant reiterates the argument that the recordings violated the law and internal agency regulations.  PFR File, Tab 5 at 8.

¶13      We decline to consider the appellant's argument here.  Because we agree with the administrative judge that the agency violated the appellant's due process rights, the removal decision is a nullity.  *See Sullivan v. Department of the Navy*, 720 F.2d 1266, 1274 (Fed. Cir. 1983) (explaining that an improper ex parte communication that rises to the level of a due process violation voids the entire proceeding and renders the adverse action a nullity); *Blake v. Department of Justice*, 81 M.S.P.R. 394, ¶ 35 (1999) (same).  Because the removal action is void, we need not address the appellant's argument regarding the agency's use of the audio recordings.  *See* 5 U.S.C. § 1201(h) (prohibiting the Board from issuing advisory opinions); *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 10 (2012) (declining to consider an appellant's arguments unrelated to a due process claim when the Board disposes of an appeal by finding a due process violation). Accordingly, we deny the appellant's cross petition for review.  For these same reasons, we vacate the administrative judge's findings regarding the agency's use of the audio recordings.

**ORDER**

¶14      We ORDER the agency to cancel the removal and to retroactively restore the appellant effective April 23, 2021. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶15      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶16      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶17      No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶18      For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the <u>date of issuance</u> of this decision. <span style="color:blue">5 U.S.C. § 7703</span>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion. Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions (if applicable).
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.